STATE OF MONTANA,

Plaintiff,                                      NO. DC 94-2542

VS.                                                  DECISION

Robert Lysle Rose,

Defendant.

On November 8, 1995, it was the judgment of the Court that for the offense of Aggravated Assault, twenty (20) years in the Montana State Prison with ten (10) years suspended. For the felony offense of Assault (Count VI), ten (10) years in the Montana State Prison with five (5) years suspended. For the felony offense of Assault (Count VII), ten (10) years in the Montana State Prison with five (5) years suspended. For the felony offense of Assault (Count VIII), ten (10) years in the Montana State Prison with five (5) years suspended. For the felony offense of Assault (Count IX), ten (10) years in the Montana State Prison with five (5) years suspended. That upon his release from prison, the defendant shall make restitution for damages incurred by the various victims as well as Court appointed counsel. Felony Counts II, III, IV and V alleging Criminal Endangerment are dismissed, and the defendant is certified non-dangerous for purposes of parole eligibility. The five sentences shall run concurrently. Upon his release from prison, the defendant shall make restitution in an amount to be determined by his parole officer which shall include the mandatory surcharges of $100.00. The defendant shall be given credit for any time served in the jail, the Beaverhead County Sheriff to advise the prison of this amount.

On March 8, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he did not wish to proceed and requested that his petition be dismissed.

It is hereby ordered that the petition is dismissed.

Done in open Court this 8th day of March, 1996.

DATED this 19th day of March, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**